### ISAAC R. HITT, ET AL

*v.*

### THE STATE OF ILLINOIS.

*Opinion filed December 30, 1898.*

*Separate Opinion by J. C. McKenzie, Commissioner.*

1.  STATUTE OF LIMITATIONS—*all unliquidated claims must be filed within two years.*  The statute of limitations of 1847 provides, "that all claims for unliquidated damages against the State must be filed within two years after the right of action accrues or be forever barred."

2.  SAME—*act of 1847 still in force.*  The statute of limitations of 1847 was not repealed by implication upon the passage of the act creating a Commission of Claims.

3.  FEES AND SALARIES—*manner in which State agents may be appointed and paid.*  The only case in which the State could be held liable for the payment of agents such as are considered in this case, is when the party making the appointment of such agents is duly empowered by an act of the General Assembly authorizing such appointment.

The amount demanded by claimants in this case, (something over thirty-six thousand ($36,000.00) dollars) as set forth in the petition of the claimants and by the evidence in support of their petition is for services rendered by claimant Hitt and John A. Logan and W. W. Wiltshire, deceased husbands of Mary S. Logan and Catherine Wiltshire respectively; the services being rendered by them in behalf of the State of Illinois, in prosecuting against the United States government, first, the claim for advances made by the State to the government to carry on the war under the Act of July 27, 1861; second, the direct tax claim; and third, the claim of five per cent on all public lands located with military land warrants in the State of Illinois.

The claimants set forth in their petition that claimant Hitt has been laboring for many years on all of the above claims under the authority given him by Ex-Governors Beveridge and Cullom, to act as State agent for the State of Illinois in the prosecution of said claims, and that John A. Logan and W. W. Wiltshire were each commissioned by the Governors of the State of Illinois in their lifetime to prosecute all of said claims and that they rendered valuable service to the State in recovering back from the government large sums of money, and that in the prosecution of said work large sums of money were expended and laid out by said Hitt, Logan and Wiltshire, for which claimants now seek reimbursement from the State.

The claimants sought relief at the hands of the General Assembly and a bill was introduced in the Fortieth General Assembly but failed to pass and was referred to this Commission.

On November 5, 1897, by leave of the Commission, claimants filed their amended petition, to which the State filed four pleas. The third being the five years' statute of limitations and the fourth being the two years' statute of limitations. To the said last plea, claimants interposed a demurrer. The State further set up in bar of claimants right to recover section 19 of article 4, of the Constitution of the State.

Claimants offered in evidence in support of their claim the depositions of claimants, Hitt and Logan, Ex-Governor Beveridge of Illinois and Ex-Governor Crawford of Kansas, also certain reports of said Hitt made to the Governor of Illinois while claiming to act as such agent for the State.

The State offered in evidence certified copies of the so-called Commissions relied upon by claimants as a basis for their claim, and many letters and documentary evidence tending to throw light on the controversy.

The case was heard before the full Commission in December, 1898; claimants being ably represented by J. Otis Humphrey and the State by C. A. Hill, Assistant

Attorney General for the State, and by agreement of counsel the demurrer was allowed to stand until after the hearing of the evidence and arguments of counsel in order to better determine the force of the same.

We deem it our duty after hearing the contentions of the party to pass upon the demurrer filed by claimants before considering the merits of the case. The two years statute of limitations is found in the Act of 1847 (laws of Illinois) which prescribed the manner of prosecuting claims against the State and specifically set forth that all claims for unliquidated damages against the State must be filed within two years after the right of action accrues or be forever barred. The contention of counsel for claimants is that the statute of 1847 prescribing the manner of prosecuting claims against the State was repealed by implication upon the passage of the later act creating this Commission, and consequently the statute of limitations therein set forth was also repealed notwithstanding the act creating this Commission does not prescribe any limitation whatever to the filing of claims against the State. In view of the fact that the new act does not prescribe any limitations whatever to the filing of claims against the State, we are of the opinion the contention of the able counsel is not sound; that the rule of repeal by implication cannot be applied in this case; and while we do not in this opinion hold that the statute of limitations can be plead as a bar to claimants right to recover in this case, we are still of the opinion (and have so held before) that in all cases where the statute of limitations may be plead at all the two years statute is a complete and perfect defense. In our opinion had the claimants' demand any legal standing, or in other words there had been a contract made with the State not expressly forbidden by the Constitution we are of the opinion that the statute could not be relied on as a bar in this case, however we are forced to believe that the defense set up by the State, that admitting it to be true that the claimants were armed with

such Commissions as claimant Hitt testified to in his deposition, even then they would have no right to recover from the State under section 19, article 4, of the Constitution set up by the State which provides as follows: "The General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor after service has been rendered or a contract made, nor authorize the payment of any claim, or part thereof, hereafter created under any agreement or contract made without express authority of law; and also such unauthorized agreements or contracts shall be null and void." This provision of the Constitution is too plain to admit of discussion. We hold that the only way in which the State could be held to respond in a matter of this character is where the party making the appointment is duly empowered by an act of the General Assembly authorizing such appointment, and we hold that under the very plain provision of the Constitution we are helpless to aid claimants, and further believe that the Legislature is powerless to act in their behalf and any bill making an appropriation in behalf of these claimants would in our opinion be unconstitutional and void. As to the merits of this case we do not think it necessary to discuss the matter but briefly. There is not a particle of evidence in the record tending to show that either claimant Hitt, John A. Logan or W. W. Wiltshire were ever legally appointed or authorized to act as State agent for the State of Illinois in the prosecution of any claims set forth in the petition of claimants. The evidence shows that the only services rendered by John A. Logan and W. W. Wiltshire were in relation to the five per cent on the military land warrants and that the Supreme Court of the United States decided that the State could not recover; and it is admitted by all the claimants that the parties rendering the services were to receive no compensation from the State unless successful in the prosecution of the matters they had in charge. So far as the services of John A. Logan and W. W. Wiltshire are con-

cerned they recovered nothing for the State and consequently under their own admissions are not entitled to any compensation from the State. As to claimant Hitt's right to recover there is no evidence in the record that tends to show that he was legally appointed agent for the State of Illinois to even look after any of the claims, his evidence to the contrary notwithstanding. He boldly testifies that the Commission he received from Ex-Governor Beveridge was broad enough and in fact covered all such matters. He attempts to corroborate his testimony on that point by the deposition of Ex-Governor Beveridge. The Commission as shown by a certified copy in evidence which he received from Beveridge, was simply a Commission appointing him as agent for the State to look after the swamp land located in this State and for which services he was to look to the various counties for his compensation. He is absolutely contradicted in his testimony by documentary evidence that cannot be controverted.

The Commission he received from Ex-Governor Cullom was without authority of law and Ex-Governor Cullom expressly stated as did Ex-Governor Hamilton afterwards, in their communications with Hitt in regard to the same that they had no power to bind the State for compensation for such services. There is no evidence that through the efforts of claimant Hitt any money was ever recovered from the United States government on any of said claims except it be the fifteen hundred and thirty-two dollars which he speaks of as being part of the money advanced by the State to carry on the war and which has since been paid to the State of Illinois. Had claimant Hitt been acting under legal authority as the duly authorized agent of the State of Illinois, he would be entitled to some compensation for such services, but we are of the opinion that no such authority was ever given him.

The generosity of claimant Hitt towards Mrs. John A. Logan and Mrs. Catherine Wiltshire in giving to them one-third of the amount claimed in this case when the

evidence plainly shows that they are not entitled to a single dollar of compensation, seems very strange indeed in the light of Hitt's own testimony that he has spent all the better years of his life in the prosecution of these claims while the other gentlemen spent but a few months and that in a fruitless effort to recover on one of said claims.

We are loath to believe that claimant Hitt wilfully falsified his statements concerning this matter, yet we cannot conceive how any sane man, intelligent and well posted on such matters as Mr. Hitt must have been, would follow a will-o'-the-wisp, as he has apparently done. In short we are of the opinion that this claim is absolutely without any foundation, legal, equitable, or moral, and that it would be a fraud upon justice to allow it. Therefore the claim is denied.